UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRETT-ROBINSON GULF                                    CIVIL ACTION
CORPORATION

VERSUS                                                  NO. 20-1574

LAUNDRY DIVA LLC                                   SECTION "R" (2)

## **ORDER AND REASONS**

Before the Court is plaintiff Brett-Robinson Gulf Corporation's motion for

summary judgment.[1]  Defendant Laundry Diva LLC opposes the motion.[2]  Because

there is no genuine dispute as to any material fact, and Brett-Robinson is entitled

to judgment as a matter of law, the Court grants the motion.

## I.    BACKGROUND

This case arises out of unpaid invoices for laundry services.  In an affidavit,

Brett-Robinson's general counsel and human resources director, Cheryl Eubanks,

attests that Laundry Diva engaged plaintiff to provide laundry services.[3]  Eubanks

attests that Brett-Robinson issued invoices to Laundry Diva on regular intervals

for its services.[4]  Between April 25, 2019 and June 14, 2019, Brett-Robinson issued

four  invoices  to  Laundry  Diva  in  the  amount  of  $41,811.70,  $20,763.81,

---

[1]      R. Doc. 12.
[2]      R. Doc. 19.
[3]      R. Doc. 12-4 at 1, ¶¶ 2, 5.
[4]      *Id*. at ¶ 7.

$51,380.85, and $7,171.43—a total of $121.127.79.[5]   According to Eubanks, Laundry Diva failed to pay this amount.[6]

Plaintiff submitted correspondence between it and defendant showing that plaintiff attempted to collect this amount starting in September 2019.[7]   On September 12, 2019, Damon Baldone, Laundry Diva's chief financial officer ("CFO"), wrote an email to Eubanks in which he acknowledged that "Laundry Diva owes . . . Brett/Robinson Vacation Rentals $121,127.79" and set out a proposed payment plan.[8]   In an email dated September 16, 2019, Eubanks responded to Baldone and accepted the proposed payment structure in principle.[9]   According to Eubanks, Laundry Diva did not respond to the email or make any efforts to pay the invoices.[10]   On April 15, 2020, Laundry Diva sent a demand letter to Baldone requesting payment of the invoices within 30 days.[11]   Eubanks attests that Laundry Diva still failed to pay the invoices.[12]

On May 29, 2020, Brett-Robinson filed this lawsuit.[13]   Plaintiff seeks to recover under Louisiana's open account statute, La. Rev. Stat. § 9:2781,[14] or, in the alternative, for unjust enrichment under Louisiana law.[15]

---

[5]    *Id.* at 1-2, ¶ 9; 12-6 at 1-4.
[6]    R. Doc. 12-4 at 3, ¶ 29.
[7]    R. Doc. 12-7 at 1.
[8]    R. Doc. 12-8 at 1-2.
[9]    R. Doc. 12-9 at 1.
[10]   R. Doc. 12-4 at 2, ¶ 18.
[11]   R. Doc. 12-11 at 1-3.
[12]   R. Doc. 12-4 at 2, ¶ 21.
[13]   R. Doc. 1.
[14]   *Id.* at 5-6, ¶¶ 18-22.
[15]   *Id.* at 6-7, ¶¶ 23-28.

## II.    LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l*

3

*Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).  The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."  *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See id.* at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution.  *See, e.g.*, *id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322 (emphasis added))).

## III.   DISCUSSION

At the outset, the Court notes that, because Laundry Diva failed to comply with Rule 56.2 of the Local Civil Rules of the Eastern District of Louisiana, all facts set out in Brett-Robinson's statement of uncontested facts[16] are deemed admitted. *See First NBC Bank v. Kirsch*, No. 16-04352, 2018 WL 5024074, at *1 n.1 (E.D. La. Oct. 17, 2018).  Under the Local Rules, a party moving for summary judgment must attach a "separate and concise statement of material facts which the moving party contends present no genuine issue."   Local Civil Rule 56.1, Eastern District of Louisiana.  The party in opposition "must include a separate and concise statement of the material facts which the opponent contends present a genuine issue."  *Id.* at Rule 56.2.  If the non-movant fails to controvert the movant's statement, "[a]ll material facts in the moving party's statement will be deemed admitted."  *Id.*

With its motion, Laundry Diva submitted a "statement of uncontested material facts,"[17] which does not controvert any of the facts set out in Brett-Robinson's statement.[18]   Instead, defendant's statement sets out unsupported allegations that Brett-Robinson possesses laundry carts and bags that "were to be returned to Laundry Diva."[19]   Accordingly, the Court finds that all facts set out in Brett-Robinson's statement are deemed admitted for the purposes of this motion.

---

[16]   R. Doc. 12-2.
[17]   R. Doc. 19-2 at 1.
[18]   R. Doc. 12-2.
[19]   *Id.* at ¶ 4-5.

### A.      Laundry Diva Is Obligated to Pay $121.127.79

It is undisputed that Brett-Robinson performed services for Laundry Diva, and was not paid for those services.[20]    Besides Brett-Robinson's admitted statement of facts, plaintiff attached evidence to its motion that supports its position.   For example, plaintiff introduced four invoices, for an amount totaling $121,127.79, for "processing linen."[21] Additionally, plaintiff attached an email from Laundry Diva's CFO, Baldone, in which he acknowledges that defendant is indebted to plaintiff in that amount.[22]

Further, Laundry Diva admits in its response brief that plaintiff "performed services for Laundry Diva, LLC, and was not paid timely."[23]  But, it contends that it is entitled to a reduction in the amount it owes for two reasons: (1) Brett-Robinson allegedly possesses property that belongs to Laundry Diva, and (2) there were "performance issues" with the laundry services that Brett-Robinson provided.[24]   The only evidence that defendant introduces in support of these arguments is an affidavit by Baldone.[25]

As the Fifth Circuit has held, a nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a

---

[20]    R. Doc. 12-2 at 1-2, ¶¶ 1-9.
[21]    R. Doc. 12-6 at 1-4.  The invoices are as follows: (1) $41,811.70, dated April 25, 2019, (2) $20,763.81, dated April 30, 2019, (3) $51,389.85, dated May 28, 2019, and (4) $7,171.43, dated June 14, 2019.
[22]    R. Doc. 12-8 at 1.
[23]    R. Doc. 19 at 1.
[24]    *See id.*; R. Doc 19-1 at 1, ¶¶ 5-6.
[25]    R. Doc. 19-1.

scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007). Additionally, the Fifth Circuit has "repeatedly held that self-serving affidavits, without more, will not defeat a motion for summary judgment." *Tyler v. Cedar Hill Indep. Sch. Dist.*, 426 F. App'x 306, 309 (5th Cir. 2011). Baldone's affidavit is conclusory and self-serving, and the Court finds that it is inadequate to create an issue of material fact on the question of whether Laundry Diva is entitled to an offset in the amount it owes Brett-Robinson. *See DIRECTV, Inc. v. Budden*, 420 F.3d 521, 531 (5th Cir. 2005) ("[Defendant's] attempt to create a fact issue as to his knowledge by relying on a conclusory and self-serving affidavit is on unsteady ground."). In the affidavit, Baldone attests that there were "performance issues" with the services that Brett-Robinson provided, but does not identify what those issues were, or give any basis to determine what offset Laundry Diva would be entitled to.[26]   Nor does Baldone describe the property that Brett-Robinson

---

[26]     Additionally, Brett-Robinson represents that it propounded requests for admissions on October 21, 2020, seeking admissions from Laundry Diva that it never disputed any of plaintiff's invoices upon receipt, that it never paid the $121,127.79 invoiced, that it has no documentary evidence of subpar work by plaintiff, and before it sought to amend its answer on August 26, 2020, a year and a half after the last invoice, it never notified Brett-Robinson of any issues with its services. R. Doc. 12-14 at 1, 3-4, ¶¶ 7, 9-10.  Eubanks attests that Laundry Diva never responded to these requests for admission. R. Doc. 12-4 at 3, ¶ 28. Under Federal Rule of Civil Procedure 36(a)(3), "[a] matter is admitted" if a party does not respond to a request for admission within 30 days. Defendant does not represent that it timely responded to these requests, or present any evidence showing that it responded. Accordingly, the Court deems plaintiff's requests for admission admitted.
     Plaintiff also propounded interrogatories related to the alleged performance deficiencies. R. Doc. 12-15 at 10-11, ¶¶ 5-7. For example, plaintiff requested that defendant identify the dates of any "sub par work," the "specific issue(s)" presented by the work, which of the four invoices would be affected, the amount of the credit Laundry Diva was purportedly entitled to, and the inventory that Brett-Robinson allegedly refused

allegedly has in its possession, or the value of that property.  Baldone is the same person who, as Laundry Diva's CFO, acknowledged the debt to Brett-Robinson without any claim to a setoff in September 2019, after he became CFO and got a grasp of Laundry Diva's financial situation.[27]  The Court finds that Baldone's belated, conclusory, and self-serving affidavit is insufficient to defeat summary judgment.  There is no dispute of material fact as to Brett-Robinson's claim that Laundry Diva owes it $121,127.79, and the Court grants plaintiff's motion for summary judgment in that amount.

## B.      Laundry Diva is Entitled to Attorney's Fees

Under Louisiana Revised Statute § 9:2781, a claimant is entitled to attorney's fees against a party who "fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed."  La. Rev. Stat. § 9:2781(A).  In *Frey Plumbing Co. v. Foster*, 996 So.2d 969, 972 (La. 2008), the Louisiana Supreme Court held that, in determining whether a particular debt is an open account, the statute "must be applied as written."  The statute defines an open account as "any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions."  La. Rev. Stat. § 9:2781(D).

---

to return.  *Id.* at 11, ¶¶ 6-7.  Eubanks attests that defendant never responded to these interrogatories.  R. Doc. 12-4 at 3, ¶ 28.
[27]       R. Doc. 12-12 at 16.

An open account, as distinct from a contract, is "a line of credit" that is "running and is open to future modification because of expectations of prospective business dealings." *Shreveport Elec. Co. v. Oasis Pool Serv., Inc.*, 889 So. 2d 274, 279 (La. App. 2. Cir. 2004), *writ denied*, 897 So. 2d 613 (La. 2005).  Under an open account, "[s]ervices are recurrently granted over a period of time."  *Id.*  To differentiate between a contract and an open account, courts consider "(1) whether other business transactions between the parties existed; (2) whether one party extended a line of credit to another; (3) whether there are running or current dealings; and (4) whether there are expectations of future dealings." *Cambridge Toxicology Grp., Inc. v. Exnicios,* 495 F.3d 169, 174 (5th Cir. 2007) (citing *Paz v. BG Real Estate Servs.*, 921 So.2d 186, 188 (La. App. 5 Cir. 2005)).  However, the open account statute does not require multiple transactions or for parties to anticipate future transactions.  *Frey Plumbing Co.,* 996 So.2d at 972.

The Court finds that the parties' agreement was an open account.  As evidenced by the four invoices, the business arrangement between the parties was not a one-time agreement, it was an ongoing series of transactions in which Brett-Robinson performed laundry services at a price of $0.53 per pound.[28]  Further, that Brett-Robinson performed the services and issued invoices shows that plaintiff's services were on credit.  Moreover, plaintiff's affiant, Eubanks, states that Brett-Robinson issued invoices "on regular intervals," showing that the

---

[28]    R. Doc. 12-6 at 1-4.

parties' arrangement was ongoing.[29]  Based on this evidence, the Court finds that plaintiff has shown that the business arrangement between the parties was an open account.   The Court must grant summary judgment on plaintiff's claim for attorney's fees.

## IV.   CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is GRANTED in the amount of $121,127.79 plus reasonable attorney's fees.

New Orleans, Louisiana, this __31st__ day of March, 2021.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[29]     *Id*. at 12-4 at 1, ¶¶ 5-7.